## Case No. 7,436.

In re JOLIET IRON & STEEL CO.

[10 N. B. R. (1874) 60.] [1]

District Court, N. D. Illinois.

BLODGETT, District Judge. I must confess that the question raised is not entirely free from doubt in my own mind. But there are some provisions of the law that are exceedingly clear. The 39th section of the original bankrupt act of March 2d, 1867 [14 Stat. 536], is substantially and practically repealed, and a new section enacted in place of it. The new section enumerates the acts which shall constitute acts of bankruptcy, and for which a party may be forced into involuntary or compulsory bankruptcy, and proceeds as follows: "And subject to the conditions hereinafter prescribed shall be adjudged a bankrupt on the petition of one or more of his

[1] [Reprinted by permission.]

creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts provable under this act amounts to at least one-third of the debts so provable." Now this must be done on the petition of that number of creditors. It is manifest, then, that from the time this becomes a law no person can be adjudged a bankrupt unless the requisite number of creditors join in the petition, because it must be upon their petition; and it is very clear to me, that the practice as indicated by the whole tenor of this law, in respect to cases hereafter commenced, is that the petition must affirmatively show that the requisite number of creditors in number and amount have united in the petition. I do not think, as has been argued, that this allegation as to the number of creditors must necessarily be so positive that the party could be prosecuted for perjury upon it. It may be stated (and I shall so hold, until some higher court lays down the contrary), upon the information and belief of petitioning creditors, that they do constitute one-fourth in number and one-third in amount of the aggregate creditors, because we all know that creditors are very liable to be imposed upon by debtors as to the extent of their (the debtors') indebtedness. Cases have been developed, and, indeed, occur almost daily in practice, in which debtors have represented to their creditors that they owed a very small amount of debts, but in which, when the facts came to be developed, their entire indebtedness largely exceeded the amount stated. Creditors, of course, in preparing petitions in the first instance, speak according to the light they possess at that time. I think, therefore, it will be a sufficient compliance with the provisions of the law that they state on their information and belief that they do constitute one-fourth in number and one-third in amount of the creditors of the debtor named. Then the law provides that if the debtor wishes to traverse this allegation he can do so by a statement made in writing, that the requisite number of creditors have not joined in the petition, whereupon the court shall require the debtor forthwith to file a schedule of his creditors with the court, which, of course, must be, so far as he is concerned, conclusive; and if the creditors succeed, within the time limited by statute, in obtaining the consent of the requisite number of the creditors mentioned in the schedule filed by the debtor himself, the proceedings can go on; otherwise the proceedings must lapse. So that I see no difficulty in administering the law under the amendment, in respect to cases commenced hereafter.

The only question that has given me trouble has been how to apply the law to cases already pending which had been commenced since 1st December last. Taking all the points together, it appears to me that it has become necessary, since the passing of the amendatory act, that the creditors who wish·

to prosecute this class of cases should apply to the court for leave to amend their petitions and join the requisite number of creditors in the prosecution of the cases. Otherwise we must hold as nugatory and of no application some part of the language of this section. After providing, in the way I have already read, that the person guilty of any of the several acts of bankruptcy enumerated, may be declared a bankrupt on the petition of the requisite number of creditors, the law then provides that, "in all cases commenced since the 1st day of December, 1873, and prior to the passage of this act, as well as those commenced hereafter, the court shall, if such allegation as to the number or amount of petitioning creditors be denied by the debtor, by a statement in writing to that effect, require him to file in court forthwith a full list of his creditors, with their places of residence and the sums due them respectively, and shall ascertain, upon reasonable notice to the creditors, whether one-fourth in number and one-third in amount thereof, as aforesaid, have petitioned that the debtor be adjudged a bankrupt." This clause applies as well to cases to be commenced as to cases commenced since 1st December, 1873; and, as was remarked in the discussion of this case, it is contrary to all our experience, to the rules of our proceedings, and to the logic of the process on which this class of discussions is carried on, that a party should be called upon to deny a statement which has not been made against him. The language of the law is: "If such allegation as to the number or amount of petitioning creditors be denied by the debtor." There must be an allegation somewhere, then. The creditor, before he can require the debtor to file a schedule of his debts, has alleged, in substance, that one-fourth of the creditors in number and one-third in amount have joined in the petition, or do unite in the petition, and in the request to have the debtor adjudicated a bankrupt. There must be some allegation of that kind before he can be called upon to deny it. And I can see no special hardship in this. There is no difficulty to a creditor who has already filed a petition against the debtor, and who wishes to continue the prosecution of it, obtaining the consent of the requisite number of creditors to a continuance of those proceedings. It seems to me that the fact on which the court has the right to proceed is that the requisite number of creditors have acceded to the continuance of proceedings. The court, indeed, loses jurisdiction over the case unless it is made to appear affirmatively by the petitioning creditors that the requisite number of creditors request and demand the adjudication of the debtor as a bankrupt. The allegation (as I stated at the outset) that the requisite number of creditors have joined in the petition, makes a prima facie case, makes a case on which the court can grant a rule to show cause, and the debtor is allowed the privilege of coming forward and showing that the requisite number of creditors have not joined in the petition. But it also imposes on the debtor the obligation of disclosing the number of his creditors, their places of residence, the amounts of their debts, so that their assent can be obtained within a reasonable time. I see no special hardship in this, on creditors who have already commenced a case, more than on creditors who contemplate commencing one hereafter.

Further, I derive some support in this view of the case from the clause of the act which reads: "And if it shall appear that such number and amount have not so petitioned, the court shall grant reasonable time, not exceeding, in cases heretofore commenced, twenty days, and in cases hereafter commenced, ten days, within which other creditors may join in such petition." Here is a difference of ten days given in favor of creditors who have already initiated proceedings, in the time granted within which to obtain the consent of the requisite number of creditors to the continuance of the proceedings. It seems to me that this clause was placed there on purpose to enable a creditor who has already instituted proceedings to take the initial step to amend his petition, and seek the co-operation of such number of creditors as was necessary to give the court jurisdiction. It cannot be supposed from the whole language of the statute, taken together, that congress intended to legislate this class of cases out of court entirely. The court cannot put that construction on the law. The only question is, did congress intend that where a petition had been filed since 1st December, 1873, by a single creditor, representing perhaps not over two hundred and fifty dollars, he should be allowed to proceed and prosecute that case to a conclusion, unless the debtor himself should come in and object and file a statement of the names of his creditors, and amounts of their respective debts, together with their residences, so that the creditor could obtain their assent? Taken with the clauses I have read, I do not think that can be construed to be the intention of the act; but it seems to me that the debtor is entitled, first, to an allegation placed upon the record that the requisite number of creditors do desire an adjudication. He may then deny that allegation and show that the requisite number of creditors do not desire his adjudication in bankruptcy. And when he has made that statement, the petitioning creditor has the right to take twenty days in which to obtain the assent of the requisite number. The reason for making a distinction between the time allowed in cases already petitioned, and in cases hereafter brought is manifestly this: Where creditors bring a case after the law was passed they are supposed to act in the light of what has already transpired, and have some information upon the extent of

the indebtedness of the debtor. They are supposed to have investigated, so far as opportunities would enable them, the financial condition of their debtor, and ascertained approximately the facts in the case. With respect to cases commenced before the amendment went into force, they are supposed not to have made such investigation. Therefore, extra time is given them before they will be put out of court, or required to make their final showing as to the number of creditors who do assent, upon the return of the debtor. Now, the creditor, under the practice suggested, in cases which are pending, could come into court and ask leave to amend his petition in the respect I have indicated. On the request being granted and the amendment made, the debtor will have the privilege, as in cases hereinafter brought, of denying that the requisite number of creditors have assented. Then he will be required to file his schedule. The argument of inconvenience is one which the court cannot consider. The bankrupt law is a stringent provision for taking a man's business from his own control, and placing it in the hands of the courts, or his creditors, for the purpose of closing his affairs. If creditors wish to do this they must do it in the terms of the bankrupt law. The only question is, from whom shall the objection first come, or by whom shall the allegation be first made, that the requisite number of creditors have not joined in the petition for adjudication? Taking the whole scope of the act, it seems to me that in all petitions where adjudication has already been passed, the allegation must come from the petitioning creditors, and it must be made to appear affirmatively that the requisite number do join in the petition. Now, take section 13 [18 Stat. 182], which is an amendment of section 40 of the original act. It reads as follows: "And if, on the return day of the order to show cause as aforesaid, the court shall be satisfied that the requirement of section 39 of said act as to the number and amount of petitioning creditors has been complied with, or if, within the time provided for in section 39 of this act, creditors sufficient in number and amount shall sign such petition so as to make a total of one-fourth in number of the creditors, and one-third the amount of provable debts against the bankrupt, as provided in said section, the court shall so adjudge, which judgment shall be final; otherwise it shall dismiss the proceedings, and in cases hereafter commenced, with costs."

Now, it becomes a matter of inquiry for the court to ascertain, and adjudge upon, whether the requisite number of creditors have joined; and the reason of that is very obvious. By other provisions in this same amendment to the law, a bankrupt who is forced into bankruptcy under the compulsory clauses of the act is discharged without reference to the amount of dividend which he pays, while a bankrupt who goes into voluntary bankruptcy must pay a dividend at the rate of thirty per cent. It is to guard against collusive proceedings on the compulsory side of the docket that this provision is made, and it is made the duty of the court to inquire and investigate whether the requisite number of creditors had joined in the proceedings, and whether the proceedings are in good faith. The naked allegation in the petition also would seem to necessitate such action, and the court be satisfied as to the good faith of the debtor, and that he is not acting in collusion with his creditors in regard to the number who signed the petition for adjudication. The amendment must be made by a sworn petition to the court, and must be joined in by the requisite creditors in number and amount.